United States Courts
Southern District of Texas
F I L E D

APR 0 4 2022

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID BASKIN** | § | |
| *Plaintiff.* | § | |
| | § | |
| | § | |
| **v.** | § | CASE NO._____ |
| | § | |
| **CITY OF HOsUSTON,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT
## DECLARATORY JUDGMENT ACTION
## AND SWORN APPLICATION FOR TRO AND INJUNCTION

---

Plaintiff, DAVID BASKIN, (hereinafter "Plaintiff"), by and through undersigned counsel, come before this Court to assert the following factual allegations and causes of action against Defendant CITY OF HOUSTON.

### I.   DISCOVERY

1.   Plaintiff pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.4 (Level III).

### II.   PARTIES

2.   Plaintiff DAVID BASKIN is a resident of Harris County, Texas.

3.   Defendant CITY OF HOUSTON is a legal government entity as defined in TEX. GOV. CODE § 554.001. It may be served with citation as follows:

**CITY OF HOUSTON**
**c/o PAT J. DANIEL, CITY SECRETARY and**
**MAYOR SYLVESTER TURNER**
**900 BAGBY ST, RM. P101**
**HOUSTON, TX 77002**

### III.   MISNOMER/ALTER EGO

4.    In the event any parties are misnamed or are not included herein, Plaintiff

contends that such was a "misidentification," "misnomer," and/or such parties

are/were "alter egos" of parties named herein.

### IV.   CLAIM FOR RELIEF

5.    Pursuant to TRCP Rule 47(c), Plaintiff seeks monetary relief of $250,000 or

less and non-monetary relief.

### V.   JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims

involve Texas statutory and common law. The amount in controversy is

within this Court's jurisdictional limit.

7.    This Court has personal jurisdiction over the parties. All the parties are either

individuals or government entities of the State of Texas, have sufficient

minimum contacts with the State of Texas, and/or have purposefully availed

themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

8.   This Court is the proper venue to hear this lawsuit pursuant to 28 U.S.C. §1331, as Plaintiff is alleging violations to his rights under the 1st, 5th, and 14th Amendments to the U.S. Constitution by temporarily ordering that Plaintiff, a sworn Houston police officer, have no contact with his wife. The order, which violates the sanctity and privileges of marriage, remains in effect during the pendency of an unnecessary Houston Police Department (HPD) Internal Affairs investigation, which stemmed from a call made by Plaintiff to the Harris County Sherriff's Department regarding an argument at home (from which no charges were filed). Additionally, this Court is the proper venue to hear this lawsuit because Defendant's principal place of business is in Harris County, Texas, and the events giving rise to this lawsuit took place in Harris County, Texas.

## VI.   FACTS

9.   Plaintiff David Baskin is a licensed Peace Officer employed by Houston Police Department, a division of Defendant CITY OF HOUSTON.

10.   Plaintiff and his wife have been married for nearly 9 years and share an 8-year-old son. Plaintiff and his wife have enjoyed a long marriage, but not unlike other couples married for this duration of time, Plaintiff and his wife

have also experienced occasional arguments and disagreements over the years.

11.     On or about December 18, 2021, Plaintiff admittedly engaged in an argument with his wife that led to a call being made to the Harris County Sherriff's Department. In retrospect, Plaintiff would characterize the call to the Sheriff's Department as unnecessary and regrettable, stemming from natural emotions that occur in a marriage.

12.     Without request by either Plaintiff or his wife, and without real need, later that afternoon on December 18, 2021, Troy Finner, Chief of the Houston Police Department, issued a "NO CONTACT ORDER" order to Plaintiff to immediately cease all forms of communication and contact with his wife. (Attached hereto as **Exhibit A.**)

13.     The "NO CONTACT ORDER" was not asked for or desired by either party in the Baskin marriage. Since its implementation, Plaintiff has been unable to communicate with his wife, at all, as to important matters such as the care and wellbeing of their mutual child, finances, a shared home, marital relations, and more. Despite Plaintiff's full cooperation with the Internal Affairs Investigation, he was not contacted for an interview or statement until January 12, 2022—nearly a month after being commanded to sign the unconstitutional No Contact Order.

14.     To date, Defendant CITY OF HOUTSON, as the legal body of Houston Police
        Department, has failed to rescind the order and left the Baskin family in an
        unwanted crisis manufactured by Houston Police Department and Defendant
        CITY OF HOUSTON.

15.     The nature of the CITY OF HOUSTON's "NO CONTACT ORDER" violates
        the Baskin Family's 1st Amendment Rights to free speech, 5th and 14th
        Amendment Rights as to Due Process, infringes upon Texas statutory law as
        to marital rights, and impedes both Mr. and Mrs. Baskin's parental rights.
        CITY OF HOUSTON's order must now be declared invalid by this Honorable
        Court.

## VII.    CAUSE OF ACTION

### PETITION FOR DECLARATORY RELIEF

16.     Plaintiff asks this Court to declare Defendant CITY OF HOUSTON's "NO
        CONTACT ORDER" void as a matter of law, and to award him Attorney Fees
        in preparation of this Declaratory Judgment Action.

17.     Defendant CITY OF HOUSTON is neither a Court nor Judge, yet it has
        attempted to act as though it carries the power to unwillingly interfere in
        Plaintiff's marriage—an institution highly protected in the State of Texas.

18.     Much like the power of Attorney-Client confidentiality, the State of Texas
        recognizes confidentiality between spouses. The spirit of the law as to

confidentiality between spouses is clearly evident in Texas Rule of Evidence 504, stating, "A communication is "confidential" is a person makes it privately to the person's spouse and does not intend its disclosure to any other person." Thus, Plaintiff believes that Defendant CITY OF HOUSTON has no business attempting to interfere in the confidential communication between spouses.

19. The effect of CITY OF HOUSTON's "NO CONTACT ORDER" on a Husband and Wife is essentially a state-forced divorce. There is no law supporting such a maneuver by a government entity in Texas. The United States Supreme Court has ruled on similar cases that a state interfering in the right to intimate human relations violates both the 1st and 14th Amendments of the U.S. Constitution, holding "the choices to enter into and maintain certain intimate human relations [that] must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Roberts v. United States Jaycee,* 468 U.S. 609 (1984). The Roberts court continued, "The personal affiliations that exemplify these considerations, and that therefore suggest some relevant limitations on the relationships that might be entitled to this sort of constitutional protection are those that attend the creation and sustenance

of family—marriage, childbirth, and the raising and education of children, and cohabitation with one's relatives." *Id*.

20.   Plaintiff's marital rights and parental rights are "taken" by the CITY OF HOUSTON (a government entity) as a result of this order. The "taking" of a right by the government against its citizens has long been restrained by the 14th Amendment of the United States Constitution since it was adopted in 1868, stating, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Since the adoption of the 14th Amendment's Due Process Clause, the federal courts have routinely upheld an individual's rights to Due Process from unfair state actions. One, of many, such cases is that of *Kukla v. Village of Antioch*, which examined the constitutional rights of public employees. *Kukla v. Village of Antioch*, 647 F. Supp. 799, 808 (N.D. Ill. 1986).

21.   The *Kukla* court also cemented the Due Process requirement to balance the weight of the government interest at stake against the value of the denial of an individual's rights. The court held, "The Constitution will not, however, permit a public employer to punish conduct merely because it does not approve of it. The employer must be legitimately responding to the effects of

the conduct on the functioning of the agency. *Connick*, 461 U.S. at 154, 103 S.Ct. at 1693-1694; *Egger*, 710 F.2d at 320. If the restriction has no relation to the provision of government services, the government's extra interest as employer is not implicated. It then has no more power to limit the employee's conduct than it would if the employee were any other citizen. See *Pickering,* 391 U.S. at 574, 88 S.Ct. at 1737-1738." Here, the government, Defendant CITY OF HOUSTON, has no legitimate interest or stakes in the Baskin marriage, and is therefore constitutionally forbidden from issuing a life-changing "NO CONTACT ORDER" to a married couple.

22.     CITY OF HOUSTON's order appears to mimic a Temporary Ex-Parte Protective Order (as would be heard and decided by a judge). The Texas Family Code in § 83.001 carefully details the limited situations in which a Temporary Restraining Order is available to married couples, and the facts that a judge must consider before "taking" a person's rights to communications with another person. Even in the event the judge issues an Ex-Parte Protective Order, such orders cannot exceed 20 days (§ 83.002), and cannot exclude a person from their residence (§ 83.006). CITY OF HOUSTON, by and through Houston Police Department, issued the "NO CONTACT ORDER" without regard to the legal procedures and limitations controlled by the Texas Family Code, nor with regard to a judge's discretion

on whether to actually exercise the power to grant such a protective order or to deny it.

23. For these reasons, this Court should declare Defendant CITY OF HOUSTON's "NO CONTACT ORDER" to be unconstitutional and declare it to be struck down.

## VIII. APPLICATION FOR EMERGENCY TRO

24. Given the nature of the immediate damage Defendant's "No Contact Order" is causing to the Baskin family, there is a real threat of irreparable harm that must be stopped. Plaintiff hereby requests an emergency hearing on his application for a TRO.

## IX.  APPLICATION FOR TEMPORARY INJUNCTION

25. As provided by Tex. Civ. Prac. & Rem. Code § 65.011, Plaintiffs respectfully ask this Court to issue a writ of Temporary Injunction barring Defendant's assertion of the "NO CONTACT ORDER" while the Declaratory Judgment Action is pending. This request is made *ex-parte* and Plaintiffs are willing to post the appropriate bond(s) for issuance of the writ.

26. Plaintiff has stated a viable cause of action against Defendant, and it is probable that the Plaintiff will be successful against Defendant in this matter. Without immediate relief from this Court, Plaintiff faces irreparable harm to his marital rights and parental rights at the hands of Defendant.

## X.   DAMAGES

27.   As a direct and proximate result of Defendant CITY OF HOUSTON's actions, Plaintiff suffers and will, in all reasonable probability, continue to suffer damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court. Plaintiff also seeks Attorney Fees from Defendant for having to bring this Declaratory Judgment Action, in accordance with TEX. CIV. PRAC. & REM. 37.009.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited according to law to appear and answer herein, and that upon final trial, Plaintiff has judgment against Defendants as follows:

1.   Declaratory Relief, as outlined in this Complaint;

2.   Attorney Fees;

3.   Costs of court as authorized by TEX. R. CIV. P. 131;

4.   TRO;

5.   Temporary Injunctive Relief; and

6.   And other relief the Court determines is just under the circumstances.

Respectfully submitted,

By:_____

L. JAMES WOOD
Texas Bar No. 24076785
james@lineofdutylaw.com


**THE JAMES WOOD LAW FIRM, PLLC**
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
P:       512.692.9266
F:       512.686.3152
W:      jwoodlegal.com
CC:     natalie@lineofdutylaw.com

E-File               Service               Address:
eservice@lineofdutylaw.com
**ATTORNEY FOR
PLAINTIFF DAVID BASKIN**

## AFFIDAVIT OF DAVID BASKIN

THE STATE OF TEXAS        §
       §
COUNTY OF TRAVIS        §

       Before me, the undersigned notary, on this day personally appeared DAVID BASKIN, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

       1. "My name is David Baskin. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

       2.      I am familiar with the facts and circumstances leading to the foregoing *PLAINTIFF'S ORIGINAL COMPLAINT DECLARATORY JUDGMENT ACTION AND SWORN APPLICATION FOR TRO AND INJUNCTION*, and know them to be true and correct.

       3.      I am in need of a Temporary Injunction, as I personally face irreparable harm as to my marital and parental rights.

       FURTHER AFFIANT SAYETH NOT.

SIGNED on this 1st day of April, 2022.

DAVID BASKIN

SWORN TO AND SUBSCRIBED BEFORE ME on this 1st day of April, 2022

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

NATALIE ROCHELLE JORDAN
Notary ID #132608365
My Commission Expires
August 6, 2024

# EXHIBIT  A

# CITY OF HOUSTON

**INTER OFFICE CORRESPONDENCE**

TO: DAVID BASKIN, Police Officer          FROM:   Troy Finner
Employee # 132367                                  Chief of Police
NORTHWEST   Division

                                           DATE:

                                           SUBJECT: **Order of No Contact**


This correspondence serves as a **Direct Written Order** that, effective immediately, you will
have no contact with ( KATE BASKIN          ) and you will immediately cease any and all
attempts to contact ( KATE BASKIN      ). This includes, but is not limited to: 1) driving
by her/his personal residence, work/school site, or other location that you know her to frequent,
2) dialing her/his home, work or cellular numbers, 3) sending her/him any electronic messages,
4) sending her/him any correspondence or packages through the U.S. Mail or other courier
delivery service, or 5) attempting to communicate with her/him through a third person.

The exceptions to this No Contact order are the following:
1. Counseling sessions with the HPD Psychological Services Unit or other licensed counselors;
2. Complying with the terms of a Settlement Agreement, Temporary Orders, or Final Decree of
   Divorce;
3. Any other contact that is unavoidable due to pending litigation; or
4. Any other contact necessary to carry out the orders of a court of competent jurisdiction.

Other than the circumstances described in the exceptions, if you find yourself in a location where
( KATE BASKIN       ) happens to also be, you will immediately and in a safe manner leave
that location.  Once you have left the location, you will immediately contact the on-call IAD
supervisor and advise him/her of your current situation and ask for further instructions.

This order is effective 24 hours a day, seven days a week, regardless of your duty status.  This
order will remain in effect until rescinded or modified by a subsequent written order specifically
referring to this order.

Should you have any questions concerning this order, immediately contact the on-call IAD
supervisor for guidance.


                                           Troy Finner
                                           Chief of Police


By: _____
                                           R. Figueroa, Sergeant
                                           Internal Affairs Division

**Receipt of Written Order**

I have read and fully understand all of the terms of the above listed order. I understand that failure to abide by any provision of this order may result in me being disciplined up to and including termination. I also understand that should I have any questions concerning any provision of this order, I will immediately contact the on-call IAD supervisor.

DAVID ALAN BASKIN, JR  132367
Name                Employee #

12-18-21          1750
Date               Time